IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SHORTZ, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.: 3:05-CV-00675-MHT-SRW |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**BRIEF IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Although Plaintiff James H. Shortz's Complaint cites to a variety of authorities, from the First Amendment to the Bankruptcy Code, even under the liberal pleading standards required under Eleventh Circuit case law, it does not state a cognizable legal claim. Thus, as is discussed in this Brief, Defendant United Parcel Service, Inc. ("UPS"),[1] respectfully submits that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### I.   FACTUAL ALLEGATIONS

Though some of its legal theories are less than clear, Plaintiff's pro se Complaint appears to allege a variety of tort and statutory violations stemming from an October 2004 shipment of a laptop computer to Nigeria. (Complaint ¶ II.3.[2]) Plaintiff claims UPS "willfully conducts illegal screening of shipments to the nation of Nigeria

---

[1] As was noted in the Motion itself, UPS is incorrectly identified in this matter as United Parcel Service.

[2] Additional details concerning the alleged shipment are contained in the Exhibit filed with Plaintiff's Complaint, though they are not referenced in the Complaint. The Exhibit purports to evidence the shipment of a "HP Pavillian Notebook Computer" via UPS Worldwide Services Express from Plaintiff to Pamela Ezeala in Port Harcourt, Nigeria, that failed to reach its destination. (Complaint, Exhibit.)

automatically and without just case" and delayed shipment of his package "due to a deliberate malicious decision by UPS security." (Id. ¶¶ III.5-6.) As a result, Plaintiff alleges, he suffered damages and asserts UPS has (1) violated the First, Fourth and Fourteenth Amendments to the U.S. Constitution, and civil rights laws; (2) committed fraud, and (3) conspired to and/or "defame[d] the character of the plaintiff and his international associates." (Id. § III.[3]) He seeks a declaratory judgment, permanent injunction and the $384.64 cost of shipment, with interest. (Id. §§ III-IV.[4])

## II.  ANALYSIS

As noted above, Plaintiff's Complaint is legally insufficient, as none of the purported causes of action, under even the most forgiving of interpretations, state a claim upon which relief can be granted. Accordingly, this Court should dismiss the Complaint in its entirety.

### A.  Standard For Granting A Dismissal Under Fed. R. Civ. P. 12(b)(6).

A complaint is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where, taking the allegations of the complaint as true and reading them in the light most

---

[3]  The Complaint asserts this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1334(4), 2201 and 2202, and 42 U.S.C. § 2000e et seq. (Complaint ¶ I.1). The majority of these bases for jurisdiction appear to be in error, as there are no allegations in the complaint concerning cases and proceedings under the Bankruptcy Code supporting jurisdiction under 28 U.S.C. § 1334, nor are there any contentions concerning equal employment opportunities implicated by the citation to 42 U.S.C. § 2000e et seq. And the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, is merely a procedural device, and claims under it must have "an underlying ground for federal court jurisdiction." Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003).

Nor are Plaintiff's references in his prayer for relief to violations of the "Civil Rights Acts" and the "Civil Rights laws" (Complaint, ¶¶ IV.1-2) of any help, as he fails to identify a single statute or other code, other than 42 U.S.C. § 2000e et seq., pertaining to any civil rights regulations UPS has allegedly violated.

However, without conceding the viability of Plaintiff's other asserted claims, UPS contends the Court has jurisdiction under 28 U.S.C. § 1331 to review, and dismiss, the Complaint based on its broad invocation of a variety of claims under federal law, including violations of Plaintiff's rights under the U.S. Constitution that might be construed as claims under 42 U.S.C. § 1983.

[4]  According to the Exhibit to the Complaint, UPS returned the computer in question to Plaintiff in November 2004, and Plaintiff does not seek payment for the value of the computer, which he declared to be $1,100 for customs and insurance purposes at the time of shipment. (Complaint, Exhibit.)

favorable to the plaintiff, the plaintiff can prove no set of facts that would entitle him to relief.  See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  Even under this pleading standard, a complaint must still "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotation omitted).

### B. Plaintiff's Constitutional Claims Should Be Dismissed Because There Are No Allegations Of A State Actor Infringing His Rights.

Although Plaintiff invokes the First, Fourth and Fourteenth Amendments to the U.S. Constitution (Complaint ¶¶ I.1, III.A), his Complaint fails to allege any violation of the rights protected by those provisions by a state actor, as is required for a viable legal complaint under these authorities.  He merely accuses UPS of conducting an "illegal search and seizure" of Plaintiff's package, and engaging in "[d]iscrimination, according to the 14th Amendment of the United States Constitution . . . ."  (Id. ¶¶ I.2, III.A).

These allegations, which appear to relate solely to the Fourth and Fourteenth Amendments,[5] do not provide the state action necessary for the finding of a constitutional violation.  See, e.g., United States v. Jacobsen, 466 U.S. 109, 113 (1984) (construing the Fourth Amendment "as proscribing only governmental action; [and being] wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'"); Campbell v. United States, 962 F.2d 1579,

---

[5] There simply are no allegations in the Complaint as to how UPS has infringed on Plaintiff's First Amendment rights to the free exercise of religion, freedom of speech, freedom of the press, right to peaceably assemble, or right to petition the government for a redress of his grievances.  See U.S. Const. amend. I.  Even if one was apparent, it too would suffer from a failure to adequately allege any state involvement.  See Belluso v. Turner Commc'ns Corp., 633 F.2d 393, 398 (5th Cir. 1980) (ruling that "[t]he First Amendment is a restraint on Government, not on private persons.").

- 3 -

1582 (11th Cir. 1992) (holding that "[t]he Fourteenth Amendment acts as a shield against only the government . . . [and] the constitution does not affect the relations between private parties, 'however discriminatory or wrongful.'") (internal citations omitted); Overton v. John Knox Retirement Tower, Inc., 720 F. Supp. 934, 940 (M.D. Ala. 1989) (Thompson, J.) (noting that "[a] bulwark of constitutional due process jurisprudence is the 'dichotomy between state action, which is subject to scrutiny under the . . . Due Process Clause, and private conduct, against which the [Clause] affords no shield, no matter how unfair that conduct may be.").

The only conceivable allegation about a link between UPS and a governmental entity is a reference to UPS being a "licensed shipping contractor authorized to ship domestically and internationally in much the same manner as the United States Postal Service." (Complaint ¶ II.4.) This bare allegation, however, does not provide any basis for the nexus between a public and private actor required to lead to state action. See Nat'l Broad. Co. v. Commc'ns Workers of Am., 860 F.2d 1022, 1025-28 (11th Cir. 1988); Nobles v. Ala. Christian Acad., 917 F. Supp. 786, 788-89 (M.D. Ala. 1996) (Albritton, J.). Thus, as state action is not implicated in the Complaint, to the extent Plaintiff asserts causes of action based on alleged constitutional violations, these causes of action should be dismissed.[6]

---

[6]   As noted previously, Plaintiff's request that the Court issue a declaratory judgment that UPS' "commercial policies, practices, procedures, conditions and customs" violate his constitutional rights cannot exist as its own cause of action. The Eleventh Circuit has held that in an action for declaratory relief, there must exist a justiciable controversy between the parties. U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991). The party seeking such relief must show that (i) he has personally suffered an actual or threatened injury as a result of the alleged conduct of the defendant, (ii) the injury can be fairly traced to the challenged action, and (iii) the injury is likely to be redressed by a favorable decision. Id.

As there is no state action here, all three of these elements are lacking in the case at bar in relation to Plaintiff's constitutional rights. Accordingly, declaratory relief would be unwarranted. See Simon v.

### C. **Plaintiff Failed To Plead Fraud With Particularity As Required By Fed. R. Civ. P. 9(b).**

Plaintiff's allegations of fraud by UPS are also deficient in that they lack any semblance of the specificity required under the Federal Rules. Fed. R. Civ. P. 9(b) provides in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Eleventh Circuit has interpreted Rule 9(b) as involving four very specific elements that a complaint must set forth:

> Rule 9(b) is satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2001) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1201 (11th Cir. 2001)).

In the case at bar, Plaintiff has not satisfied any of these four elements. Plaintiff has not identified any statements or omissions that UPS or its employees made or failed to make. The Complaint makes no reference to any times or places where any such statements or omissions were made or not made, nor does it name any people who made any such statements or omissions. It also does not specify the content or manner in which the Plaintiff himself was misled. And it does not indicate what UPS obtained as a result of the alleged fraud.

This Court has noted that the purpose behind the particularity requirements in Rule 9(b) is to protect defendants from "spurious charges of immoral and fraudulent

---

World Omni Leasing, Inc., No. 91-0896-AH-M, 1992 U.S. Dist. LEXIS 18795, at *24 (S.D. Ala. July 13, 1992) (noting that a declaratory judgment is proper where such relief would "serve a useful purpose.").

behavior." Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (Thompson, J.). Although the federal rules generally favor a liberal system of notice pleading, a plaintiff alleging fraud is still obligated to provide "details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." Id.; see also Summer v. Land & Leisure, Inc., 664 F.2d 965, 970-71 (5th Cir. 1981) (affirming Rule 9(b) dismissal because "the complaint includes only conclusory allegations of fraudulent concealment"). Plaintiff here has not provided the required specificity, and his fraud claims thus should be dismissed.

### D. Plaintiff Has Not Sufficiently Alleged The Elements Of Defamation.

Finally, Plaintiff also fails to plead sufficiently the elements of a prima facie case of defamation under Alabama law: (i) a false and defamatory statement concerning the plaintiff; (ii) communication of that statement to a third party; (iii) fault on the part of the defendant amounting to at least negligence; and (iv) actionability of the statement. See Ex parte Crawford Broad. Co., 904 So. 2d 221 (Ala. 2004); Dudley v. Bass Anglers Sportsman Soc'y, 777 So. 2d 135, 140 (Ala. Civ. App. 2000).[7] As with his failure to plead the elements of fraud with particularity, Plaintiff has also failed to allege facts that would show his entitlement to relief for defamation. The Complaint contains no mention of any statement that UPS made to a third party concerning Plaintiff, and, thus, it does not address any fault or actionability of the statement itself.

---

[7] As noted above, the Complaint does not contain cognizable allegations of state action by UPS sufficient to support a federal law claim. Accordingly, to the extent the defamation cause of action remains viable before this Court, it would fall within the ambit of this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Thus, any purported defamatory statement by UPS would be analyzed under Alabama state law. See Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985) (holding that no federal constitutional claim for defamation exists); Hicks v. World Wide News, No. 90-0140-AH-C, 1990 U.S. Dist. LEXIS 17487, at *5 (S.D. Ala. Nov. 15, 1990) (same).

- 7 -

While UPS acknowledges that Plaintiff is not required under the provisions of Fed. R. Civ. P. 8(a)(2) to specifically plead every element of a defamation cause of action, see Roe, 253 F.3d at 683, the Complaint must still "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Id. (quotation omitted). The Complaint here contains nothing more than a conclusory allegation that UPS "damaged plaintiff's relationship with his newly acquired international associates." (Complaint ¶ III.6.) There is no mention of any false or defamatory statement on the part of UPS that resulted in the alleged "damage," nor is there any indication that UPS communicated the statement to a third party. See Williams v. Wal-Mart Stores, Inc., No. 99-1032-AH-C, 2000 U.S. Dist. LEXIS 14956, at *11 (S.D. Ala. Sept. 5, 2000) ("To establish actionable defamation, [p]laintiff must show that [defendant] published a false and defamatory statement concerning [p]laintiff to a third person."). Absent evidence of any actual statement in this case, Plaintiff would not be able to recover on his defamation claim, and this Court should dismiss the cause of action.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state any claim upon which relief can be granted. Accordingly, UPS respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the Complaint in its entirety with prejudice,[8] and taxing all costs of this action to Plaintiff.

---

[8] Given the pronounced lack of factual support for Plaintiff's allegations, UPS asserts that any leave to amend the Complaint would be futile and thus is not necessary. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003).

- 8 -

Respectfully submitted, this 16th day of August, 2005.

/s/ William R. Pringle
William R. Pringle, Esq.
Alabama Bar No. PRI066
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES H. SHORTZ,** )<br>)<br>**PLAINTIFF,** )<br>)<br>**VS.** )<br>) **CASE NO.: 3:05-CV-00675-MHT-SRW**<br>)<br>**UNITED PARCEL SERVICE,** )<br>)<br>**DEFENDANT.** )<br>_____ ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this date I have filed a true and correct copy of the within and foregoing **BRIEF IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record participating in the CM/ECF system for this civil action, and I have served a true and correct copy of said filing upon Plaintiff by depositing same in the United States Mail with sufficient postage thereon to ensure delivery as follows:

> James H. Shortz
> P.O. Box 3874
> Montgomery, Alabama 36109

This 16th day of August, 2005.

> /s/ William R. Pringle
> William R. Pringle, Esq.
> Alabama Bar No. PRI066

ATL01/12012171v1