IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SHORTZ, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.: 3:05-CV-00675-MHT-SRW |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS")[1] hereby files this Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint and in Opposition to Plaintiff's Motion to Amend the Complaint. The arguments Plaintiff raises in his Answer to Defendant's Motion to Dismiss and Motion to Amend Complaint ("Plaintiff's Response" or "Response") are without merit and should be rejected.

    **A.    The Constitutional Claims In This Case Should Be Dismissed Because There Continue To Be No Allegations Of State Action.**

Despite Plaintiff's parsing of the language of 42 U.S.C. § 1983 in an attempt to make it applicable to UPS,[2] the fact remains that constitutional violations under 42 U.S.C. § 1983 require state action. Both the Eleventh Circuit and this Court have specifically so held. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344

---

[1] As UPS noted in its principal Motion to Dismiss, and as Plaintiff has acknowledged in his Response to the Motion, UPS is incorrectly identified in this matter as United Parcel Service.

[2] UPS notes that Plaintiff did not assert any claim in his Complaint based on 42 U.S.C. § 1983, but instead phrased his allegations based on UPS's alleged direct violations of the First, Fourth and Fourteenth Amendments to the U.S. Constitution. It is therefore assumed that the 42 U.S.C. § 1983 allegations contained in Plaintiff's Response are an amendment to his Complaint.

F.3d 1263, 1277 (11th Cir. 2003) (holding that a claim for relief under 42 U.S.C. § 1983 must be based on a constitutional deprivation "'committed under color of state law'" and that "'private conduct, no matter how discriminatory or wrongful'" is not actionable); Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [the plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."); Barber v. Dale County Mental Health Ctr., 898 F. Supp. 832, 835 (M.D. Ala. 1995) (Albritton, J.), aff'd, 98 F.3d 1353 (11th Cir. 1996) ("[Section] 1983 only provides a private cause of action for persons whose rights under the federal constitution or laws have been violated under color of state law, for the Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'"); Bivins v. Jeffers Vet Supply, 873 F. Supp. 1500, 1510 n.8 (M.D. Ala. 1994) (DeMent, J.), aff'd, 58 F.3d 640 (11th Cir. 1995) ("Plaintiff clearly has not established a violation under 42 U.S.C. § 1983, as plaintiff has not alleged state action.").[3]

Despite Plaintiff's protestation in his Response, the fact remains that there are simply no allegations in the Complaint that UPS is a state actor or that it was acting under color of state law when Plaintiff's constitutional rights were allegedly violated in this case, nor could there even be any colorable argument to the contrary -- ***UPS is a private company engaged in the private transportation of goods***.  As a private company not acting under color of state law, it cannot engage in any alleged constitutional violations. Accordingly, the allegations against UPS based on alleged violations of the U.S. Constitution or 42 U.S.C. § 1983 should be dismissed.

---

[3] Plaintiff is undoubtedly aware of the state action requirement, as he aptly cites this rule of law in his Response.  See Plaintiff's Response, at 1-2.

### B. Plaintiff Has Still Failed To Plead Fraud With Particularity, In Contravention of Fed. R. Civ. P. 9(b).

Although Plaintiff correctly cites the pleading requirements for a fraud claim (see Plaintiff's Response, at 4), and attempts to amend his Complaint to include more details as to the subject matter of the allegedly fraudulent statements that UPS made to him, as well as the identity of the individuals making them and the dates on which they were made, Plaintiff has still failed to sufficiently plead his fraud claim.

Apart from the details surrounding the allegedly fraudulent statements themselves, Plaintiff is also required to identify the manner in which he was misled by the statements and what UPS obtained as a result of the alleged fraud. See United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1201 (11th Cir. 2001)). Plaintiff failed to do so in the Complaint, and has again failed to do so in his Amended Complaint. The fact remains that this case concerns a misdirected package that Plaintiff admits has now been returned to him and for which he has been refunded his shipping costs. See Plaintiff's Response, at 5. No credible factual allegations have been made that this incident involves anything more than an inadvertent shipping error, and Plaintiff has already been made whole.[4] Apparently refusing to accept this fact, however, Plaintiff has elected to bring this lawsuit against UPS, making nothing but scurrilous allegations

---

[4] In an attempt to add merit to his claim where none exists, Plaintiff accuses UPS of failing to award him interest on the refund. However, Plaintiff has not alleged any legal entitlement to interest in this case, and has not asserted any basis, either under Alabama or federal law, for a right to interest in these circumstances.

- 3 -

against UPS that have no basis either in law or in fact. As such, this Court should dismiss Plaintiff's Complaint.[5]

### C. Conclusion.

For the reasons stated in this Reply and in UPS's principal Motion to Dismiss, UPS respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint in its entirety with prejudice, and taxing all costs of this action to Plaintiff.[6]

Respectfully submitted, this 8th day of September, 2005.

/s/ William R. Pringle
William R. Pringle, Esq.
Alabama Bar No. PRI066
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

---

[5] UPS also asserted in its principal Motion to Dismiss that this Court should dismiss Plaintiff's common law defamation claims against UPS. Plaintiff did not respond to this assertion in his Response, and UPS would accordingly submit that the propriety of dismissal of this claim is not in dispute between the parties. To the extent that Plaintiff intended the section of his Response entitled "Damages" to be an argument against dismissal of his defamation claim, however, the conclusory statements he makes about a "strained . . . friendship" do not satisfactorily allege a defamation claim under Alabama law. See Ex parte Crawford Broad. Co., 904 So. 2d 221 (Ala. 2004); Dudley v. Bass Anglers Sportsman Soc'y, 777 So. 2d 135, 140 (Ala. Civ. App. 2000).

[6] Given the full title of his Response, Plaintiff is also apparently seeking leave from this Court to amend his Complaint "to properly identify the defendant" as United Parcel Service, Inc. See Plaintiff's Response, at 1; see also supra Note 1. Plaintiff makes numerous other statements of alleged fact in his Response, but does not seek formal leave to amend additional portions of the Complaint, nor does he reveal what sections of the Complaint he would amend as a matter of course in accordance with the provisions of Fed. R. Civ. P. 15(a). However, regardless of whether Plaintiff simply intends to amend the Complaint to correct UPS' proper name, or, interpreted quite liberally, amend other unspecified portions of his Complaint based on his Response, given the pronounced lack of factual and legal support for the entirety of Plaintiff's allegations, UPS submits that any leave to amend the Complaint would be futile, is not necessary, and thus should be denied. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003) ("[L]eave need not be granted where amendment would be futile . . . .").

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES H. SHORTZ,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) CASE NO.: 3:05-CV-00675-MHT-SRW |
| **UNITED PARCEL SERVICE,** | ) |
| | ) |
| DEFENDANT. | ) |
| _____ | ) |

### CERTIFICATE OF SERVICE

This is to certify that on this date I have filed a true and correct copy of the within and foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record participating in the CM/ECF system for this civil action, and I have served a true and correct copy of said filing upon Plaintiff by depositing same in the United States Mail with sufficient postage thereon to ensure delivery as follows:

> James H. Shortz
> P.O. Box 3874
> Montgomery, Alabama 36109

This 8th day of September, 2005.

> /s/ William R. Pringle
> William R. Pringle, Esq.
> Alabama Bar No. PRI066

ATL01/12025980v3