IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| James H. Shortz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.  3:05-cv-675-T |
| v. ) | (WO) |
| ) | |
| United Parcel Service, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. # 5) filed by Defendant United Parcel Service on August 16, 2005, and Plaintiff's Motion to Amend Complaint (Doc. # 9) filed on August 30, 2005.

For reasons to be discussed, the court concludes that the Motion to Amend Complaint and the Motion to Dismiss are both due to be granted.

**II. FACTS AND PROCEDURAL HISTORY**

On July 21, 2005, Plaintiff filed a Complaint (Doc. # 1) alleging claims of fraud, defamation and constitutional violations under the First, Fourth and Fourteenth Amendments. According to the Plaintiff, the facts are as follows: On October 7, 2004, Plaintiff contracted with Defendant United Parcel Service ("UPS") to ship a laptop computer to Nigeria. Plaintiff paid $384.64 for this service. For reasons unknown, the

package did not reach its destination, but instead remained in Alabama. Plaintiff was able to retrieve the package, and UPS later refunded the money Plaintiff had paid for shipment. Plaintiff asserts that his "relationship with his newly acquired international associates" has been damaged and that he has suffered "irreparable injury" as the result of UPS's actions. UPS has moved for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff, in his response to the Motion to Dismiss, filed a Motion to Amend Complaint for the purpose of properly identifying Defendant as "United Parcel Service, Inc."

### III. STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73; *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002). At the motion-to-dismiss stage, the court may not consider the parties' briefs, affidavits or supplementary matters that fall beyond the plaintiff's complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*,

769 F.2d 700, 703 (11th Cir. 1985).

## IV. DISCUSSION

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts the factual allegations of the complaint as true and "[t]he motion must be denied unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *South Florida Water Management District v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). Although plaintiff does not specifically cite § 1983, it is apparent from his references to constitutional rights and the amendments to the United States Constitution that plaintiff brings this claim pursuant to 42 U.S.C. § 1983.[1] Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To be entitled to relief under the statute, the plaintiff must show that defendant deprived him of a right secured to him by the Constitution or federal law and that the deprivation occurred "under color of state law" – i.e., that the alleged actions are "'fairly

---

[1] Although Plaintiff asserts in his Complaint that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334(4), 2201, 2202 and 42 U.S.C. § 2000e, the court jurisdiction actually arises only under § 1331, due to Plaintiff's federal constitutional claim.

attributable to the State.'" *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citations omitted).

For a defendant's actions to be fairly attributable to the state, '[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." *Id.* A private entity may be found to be a state actor under the public function test when it is "given powers (or perform[ing] functions) that are 'traditionally the exclusive prerogative of the State.'" *Id.* at 1131 (citations omitted)(emphasis in original). The state compulsion test is applicable where the state has "'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice [made by the private entity] must in law be deemed to be that of the State.'" *Nobles v. Alabama Christian Academy*, 917 F. Supp. 786, 788-89 (M.D. Ala. 1996) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982)).  "The nexus/joint action test involves situations where the government has 'so far insinuated itself into a position of interdependence with the

[private party] that it was a joint participant in the enterprise.'" *Harvey*, 949 F.2d at 1131 (citation omitted); *see also Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

In his Complaint, Plaintiff describes UPS as "a licensed shipping contractor authorized to ship domestically and internationally in much the same manner as the United States Postal Service." While it is true that UPS performs functions *similar* to those performed by the United States Postal Service, such a comparison is not sufficient to establish that UPS is performing a public function. UPS is a private entity specializing in the shipment of goods; Plaintiff has not alleged that UPS is a government agency, nor that it acts under such significant encouragement of the government that its acts can be deemed to be those of the state. Finally, Plaintiff has not alleged that the government is so interdependent with UPS as to be a joint participant in the company's business operations. Plaintiff has not alleged facts sufficient to show that UPS is engaging in a public function, is acting under state compulsion, or is engaged in joint action with the state. Thus, Plaintiff has failed to demonstrate that UPS is a state actor and, therefore, has failed to state a claim under 42 U.S.C. § 1983 upon which relief may be granted.

Plaintiff's Complaint also includes two state law claims, one for fraud and one for defamation. The court has discretion as to whether or not to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. The statute states, in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under

subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). Because Plaintiff's federal § 1983 claim is due to be dismissed, and in the interest of judicial economy, the court declines to exercise supplemental discretion over the state law claims. *See Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction") (internal citations and quotations omitted). Therefore, Plaintiff's state law claims are also due to be dismissed.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion to Amend Complaint be GRANTED, and that Defendant's Motion to Dismiss also be GRANTED and all claims against Defendant be dismissed without prejudice.

It is further ORDERED that:

The parties shall file any objections to this Recommendation on or before October 10, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, this 28th day of September, 2005.

                                       /s/ Susan Russ Walker
                                       SUSAN RUSS WALKER
                                       UNITED STATES MAGISTRATE JUDGE