[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-16640
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00675-CV-T-3

JAMES H. SHORTZ,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(May 5, 2006)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

James Shortz, proceeding pro se, appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, against United Parcel Service ("UPS") for failure to state a claim. The district court dismissed Shortz's

complaint pursuant to Fed. R. Civ. P. 12(b)(6) because he did not allege state action, which is an element of a § 1983 claim. The district court refused to exercise jurisdiction over Shortz's state law claims under 28 U.S.C. § 1367 because his federal claims had been dismissed and for reasons of judicial economy.[1] We review <u>de novo</u> the dismissal of a complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), accepting all allegations in the complaint as true and construing those allegations in the light most favorable to the plaintiff. <u>Magluta v. Samples</u>, 375 F.3d 1269, 1273 (11th Cir. 2004).[2] After careful review, we affirm.

In a claim for relief under § 1983, the conduct complained of must have: (1) deprived plaintiff of a right secured by the constitution or laws of the United States; and (2) been committed by a person <u>acting under color of state law</u>. <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1276-77

---

[1] We can discern no abuse of discretion in the district court's refusal to exercise supplemental jurisdiction over Shortz's state law claims. <u>Cf.</u> <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (reviewing district court's supplemental-jurisdiction decision for abuse of discretion). Indeed, because Shortz's federal claims had been dismissed, the dismissal of the state law claims was entirely consistent with the approach to supplemental jurisdiction that we have encouraged. <u>Id.</u> at 1089 ("encourag[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial").

[2] Although Shortz argues that the district court erred in dismissing his complaint, he does not enumerate a specific error on the district court's part or frame a particular issue for our review. "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). Accordingly, we liberally construe Shortz's brief as challenging the merits of the district court's dismissal in the first instance.

(11th Cir. 2003). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 1277 (citation omitted).

We have utilized three tests for establishing whether the actions of a private entity are attributable to the state: the public function test, the state compulsion test, and the nexus/joint action test. Focus on the Family, 344 F.3d at 1277 (citing Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)). The public function test is satisfied when private actors perform a function that is "traditionally the exclusive prerogative of the state." Id. (citation omitted). The state compulsion test limits state action to instances when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional. Id. (citation omitted). The nexus/joint action test is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action. Id. (citation omitted).

In his complaint, Shortz did not allege that the alleged constitutional violations were carried out by a state actor. He also did not assert, and we have found nothing in the record to suggest, that UPS is a government agency. Moreover, Shortz did not allege any facts that would establish state action by a private entity under any of the three tests used by this Circuit. Though he

3

compared UPS to the U.S. Postal Service, he did not fulfill the public function test because UPS is not performing a function which is "traditionally the <u>exclusive</u> prerogative of the state." <u>See</u> <u>id.</u> (emphasis added). Shortz's allegations also do not attribute state action to UPS under the state compulsion test because the conduct was not encouraged or coerced by the state. Finally, Shortz's complaint did not demonstrate state action under the nexus/joint action test because he did not allege an interdependent relationship between UPS and the state.

Even accepting all of Shortz's allegations as true, he failed to allege a set of facts upon which relief can be granted because he did not demonstrate how any deprivation of a constitutional right was attributable to the state. Thus, the district court did not err by dismissing Shortz's complaint for failure to state a claim.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By:_____
Deputy Clerk
Atlanta, Georgia